IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

BRENTWOOD POINTE II )
 )
v. ) NO. 3:05-0820
 ) JUDGE CAMPBELL
COMMUNITY ASSOCIATION )
UNDERWRITERS OF AMERICA, )
INC. – WESTPORT )

MEMORANDUM

Pending before the Court is Defendant's Motion for Summary Judgment (Docket No. 14). For the reasons set forth herein, the Motion (Docket No. 14) is DENIED.

FACTS

The facts as alleged by Plaintiff show that Plaintiff, Brentwood Pointe II, is a homeowners' association authorized to represent owners and residents of condominium buildings located at buildings 43-86, 801-1148 Brentwood Pointe II, Brentwood, Williamson County, Tennessee 37027 (Docket No. 22-14 at 1).[1] At all times relevant to this matter, Timmons Properties ("Timmons") was under contract with Plaintiff to manage the Brentwood

---

[1] The Court notes that for the most part the facts of the case remain disputed by the parties. The Court further notes that Defendant failed to accompany its Motion for Summary Judgment with a separate, concise statement of the material facts as to which the moving party contends there is no genuine issue for trial as required by Local Rule 56.01(b), thus undermining the Court's efforts to determine what is disputed and what is undisputed in this matter. The Plaintiff attempted to support its response to Defendant's Motion for Summary Judgment with its own Statement of Undisputed Facts (Docket No. 25), but Defendant's responses tend to dispute almost every statement made by Plaintiff and incorrectly object to the filing of or being required to respond to Plaintiff's Statement of Undisputed Facts as "foreign to and unrecognized by Federal Rules of Civil Procedure, Rule 56." (Docket No. 27 at 1). See, Local Rule 56.01(c)

Pointe II property, and Timmons' employee, Jim Trout ("Trout"), served as Community Manager for Timmons for the Brentwood Point II property (Docket No. 22-14 at 1).

In addition, the fact shows that, and at all times relevant to this matter, Plaintiff had a condominium policy of insurance, policy number CAU100312-5 (the "Policy"), providing casualty and general liability insurance coverage for "a clubhouse and forty four one and two story frame condominium buildings containing one hundred seventy six residential units ... located at Buildings 43-86, 801-1148 Brentwood Pointe, Brentwood, Williamson County, Tennessee 37027" on a guaranteed replacement cost basis (Docket Nos. 22-14 at 2 and 19-2 at 2 and 3). The Declarations page of the Policy indicates that Brentwood Point, Section Two, a condominium, is listed as the named insured under the terms of the Policy (Docket No. 19-2 at 1). The Declarations page of the Policy also indicates that the Policy was issued through Community Association Underwriters of America, Inc. ("CAU"), with Westport Insurance Corporation ("Westport") designated as the applicable underwriter (Docket No. 19-2 at 1). The signature page of the Policy further indicates that the Policy was underwritten by Westport (Docket No. 19-4 at 7). The Policy form, the Declarations and Endorsements to the Policy designate the form of insurance as "WIC CAU" (Docket Nos. 19-2, 19-3 and 19-4).

On or about November 2, 2001, a fire occurred at Brentwood Pointe II damaging several of the condominium units (Docket No. 22-14 at 2). Trout, on behalf of Brentwood Pointe II and through Timmons, notified Robins Insurance Agency, agent of CAU, of the loss, and made claim under the Policy for coverage (Docket No. 22-14 at 2). Plaintiff hired Loss Recovery Agents, a public adjusting company, to act on its behalf, and Defendant hired Tenco Services, Inc. ("Tenco") to act as an adjuster (Docket No. 22 at 2). On January 6, 2002, Loss Recovery Agents

2

sent a letter to Todd McWilliams ("McWilliams") at Tenco advising McWilliams that "it is the named insured's intention to make further claim for the loss and damage under any replacement cost, or equivalent, endorsements attached to the policy of insurance." (Docket No. 22-10). On or about March 11, 2002, CAU made payment in the amount of $171,747.76 for the actual cash value of the property at the time of the loss (Docket Nos. 22-14 at 2 and 19-14). The payor on the check issued by CAU is listed as:

> Community Association Underwriters of America, Inc.
> Westport Insurance Corp. (Claims)
> 2 Caufield Place
> Newtown, PA 18940

and the payee on the check is listed as Brentwood Point, Section Two, a Condominium and Mastercraft/Master Clean (the contractor initially hired to repair the damaged condominiums), and Loss Recovery Agents (Docket No. 19-14).

In order to finish construction, Plaintiff needed the balance of the proceeds payable under the Policy, and on or about August 11, 2004, Plaintiff submitted a Supplemental Sworn Statement in Proof of Loss in the amount of $161,788.80 (Docket No. 22-14 at 3). In response to Plaintiff's supplemental claim, CAU requested additional documentation, and Plaintiff subsequently revised its Supplemental Sworn Statement in Proof of Loss downward to $132,758.55 to reflect the amount of invoices on hand at the time (Docket No. 22-14 at 3). CAU did not respond to Plaintiff's Supplemental Sworn Statement in Proof of Loss and demand for additional proceeds payable under the Policy and this suit ensued (Docket No. 27 at 5).

In its Complaint, Plaintiff demands the sum of $132,758.55 under the replacement cost provisions of the Policy. Plaintiff also demands additional damages up to twenty-five percent (25%) of the value of its claim pursuant to Tenn. Code Ann. §56-7-105, plus treble damages, and

3

attorney's fees and costs under the Tennessee Consumer Protection Act, Tenn, Code Ann. §47-18-101, et seq. ("TCPA").

In response to Plaintiff's complaint, Defendant has filed its Motion for Summary Judgment (Docket No. 14) arguing that summary judgment is appropriate because: 1) Defendant did not issue the policy in question; 2) Plaintiff was neither the named insured, nor a party to the Policy; 3) Plaintiff failed to give notice, as required under the terms of the Policy, of its intent to seek recovery on a full replacement cost basis; 4) Plaintiff cannot seek bad faith penalties against Defendant because Plaintiff is not the Policy holder and Defendant did not issue the Policy; and 5) even if Plaintiff is entitled to additional recovery under the Policy, Plaintiff is not entitled to recover a bad faith penalty under Tenn. Code Ann. §56-7-105 because Defendant had reasonable legal and factual grounds to contest payment of the supplemental claim.

## SUMMARY JUDGMENT

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Meyers v. Columbia/HCA Healthcare Corp., 341 F.3d 461, 466 (6th Cir. 2003). In deciding a motion for summary judgment, the court must view the factual evidence and draw all reasonable inferences in favor of the nonmoving party. Id.; Hopson v. DaimlerChrysler Corp., 306 F.3d 427, 432 (6th Cir. 2002).

To prevail, the non-movant must produce specific evidence that demonstrates there is a genuine issue of material fact for trial. Meyers, 341 F.3d at 466. A mere scintilla of evidence is insufficient; there must be evidence on which the jury could reasonably find for the non-movant.

4

Id. The non-moving party may not rest on mere allegations but must set forth specific facts showing that there is a genuine issue for trial. Hopson, 306 F.3d at 432.

## ANALYSIS

Under Tennessee law, "the interpretation of an insurance contract is a matter of law to be determined by the Court." Corrington v. Equitable Life Assur. Soc. of U.S. and Unum, 265 F. Supp. 2d 905, 909 (W.D. Tenn. 2003) (citing Davidson Hotel Co. v. St. Paul Fire & Marine Ins. Co., 136 F. Supp. 2d 901, 905 (W.D. Tenn. 2001)). "Courts construe insurance policies in the same manner as any other contract." Id. See also, McKimm v. Bell, 790 S.W. 2d 526, 527 (Tenn. 1990). An insurance contract should be construed in "a reasonable and logical manner." Standard Fire Ins. Co. v. Chester O'Donley & Associates, Inc., 972 S.W. 2d 1, 7 (Tenn. Ct. App. 1998). When coverage questions arise, the components of a policy should be construed in the following order: 1) the declarations; 2) the insuring agreements and definitions; 3) the exclusions; 4) the conditions; and 5) the endorsements. Id.

In the present case, Defendant asserts that neither parties to the Policy are parties before the Court (Docket No. 17 at 4). More specifically, it is Defendant's argument that the named Defendant in this action, Community Association Underwriters of America, Inc. - Westport is a non existent legal entity, that CAU is not an insurance company but a managing general agent not licensed to write insurance business in Tennessee, and that the sole insuror of the Policy, and proper party Defendant, is Westport Insurance Corporation. In essence, what Defendant is arguing is that it is not liable because Plaintiff has misidentified the proper party Defendant.

Based upon the disputed evidence before it, the Court is unwilling, at this time, to allow Defendant to escape potential liability based upon such an argument. The facts before the Court

indicate that Plaintiff may have misnamed the Defendant(s) to the action by not using their full legal names and by using a dash between CAU and Westport to identify them as a single legal entity as opposed to the word "and" between CAU and Westport to identify co-defendants. Defendant makes no assertion that it has not received notice of this action or that CAU and Westport are not the entities against whom Plaintiff has asserted its claims. In addition, Defendant does not assert that Plaintiff has not effectuated service of process upon the entities intended, CAU and/or Westport. Thus, if Defendant has been so misnamed, then it may be appropriate to allow Plaintiff to amend its Complaint to correctly identify the proper party Defendants. See, Fed. R. Civ. P. 15(c). Accordingly, the evidence before the Court indicates that questions of fact remain whether CAU and Westport are the proper entities before the Court.

It is also Defendant's argument that Brentwood Point II is not the proper party plaintiff to this action. More specifically, it is Defendant's argument that Brentwood Point, Section Two, a Condominium, is the named insured under the Policy and that Plaintiff, Brentwood Point II, was a non-existent legal entity at the time the Policy was issued and whose legal existence came into being more than one (1) year after the fire loss in question. Thus, it is Defendant's argument that Plaintiff is not a party to the Policy and has no standing for relief.

The Court is not persuaded by Defendant's argument. As indicated above, the facts before the Court indicate that the Plaintiff, Brentwood Pointe II, is a homeowners' association authorized to represent the owners and residents of condominium buildings located at buildings 43-86, 801-1148 Brentwood Pointe II, Williamson County, Tennessee 37027 (Docket No. 22-14 at 1). In addition, the terms of the Policy clearly indicate that the coverage provided under the

6

policy was for "a clubhouse and forty four one and two story frame condominium buildings containing one hundred seventy six residential units located at Buildings 43-86, 801-1148 Brentwood Pointe, Brentwood, Williamson County, Tennessee 37027." (Docket No. 19-2 at 2). There is nothing before the Court to indicate that the property that is the subject of the lawsuit is not the condominium property covered under the Policy or that Plaintiff is not the governing body of the insured condominium property. There is also nothing before the Court to indicate that the condominium homeowner's association lacks the authority to act on behalf of the insured condominium property, its owners and residents, in making a claim under the Policy. In fact, if the Court were to credit Defendant's argument, the Court would be suggesting that Defendant, by naming the property as the insured, has written the Policy in such a way that there is no insured under the policy that has the capacity to enforce the terms of the policy on behalf of the condominium. Accordingly, the Court finds that questions of fact remain whether Plaintiff is the proper party Plaintiff before the Court.

Next, Defendant asserts that Plaintiff's failure to give notice under the terms of the Policy that it was seeking to recover based upon a full replacement cost basis as opposed to an actual cash value basis resulted in prejudice to Defendant. The Court finds that based on the evidence before it, questions of fact remain whether Plaintiff notified Defendant of its intent to seek full replacement cost coverage under the terms of the Policy thereby defeating any claim of prejudice asserted by Defendant. More specifically, as set forth above, the facts before the Court are that Plaintiff's adjuster, Loss Recovery Agents, notified Defendant's adjuster, Tenco, of "the named insured's intention to make further claim for the loss and damage under any replacement cost, or equivalent, endorsements attached to the policy of insurance," and proceeded with reconstruction

7

of the property on that basis (Docket No. 22-10). There is nothing before the Court, at the present time, to indicate that Plaintiff changed its position and later notified Defendant of its intent to seek recovery on an actual cash value basis. In addition, there is nothing before the Court to indicate that Plaintiff's acceptance of the $171,747.76 check issued by CAU/Westport Claims effectuated a release of all claims under the terms of the Policy and abrogated Plaintiff's earlier notification to Defendant of its intent to seek full replacement cost coverage. Without proof that Plaintiff somehow misled Defendant into believing or represented to Defendant that it was only claiming recovery on an actual cash value basis, it would be unfair to Plaintiff to allow Defendant to prohibit Plaintiff from recovering on a full replacement cost basis by simply issuing a check on its own initiative for the actual cash value of the property.

Finally, Defendant asserts that Plaintiff cannot seek bad faith penalties against it because Plaintiff and Defendant are not parties to the Policy, and, alternatively, because it had reasonable legal and factual grounds to contest payment of Plaintiff's supplemental claim.

Tenn. Code Ann. §56-7-105 provides in relevant part:

> (a) The insurance companies of this state, and foreign insurance companies and other persons or corporations doing an insurance or fidelity bonding business in this state, in all cases when a loss occurs and they refuse to pay the loss within sixty (60) days after a demand has been made by the holder of the policy or fidelity bond on which the loss occurred, shall be liable to pay the holder of the policy or fidelity bond, in addition to the loss and interest thereon, a sum not exceeding twenty-five percent (25%) on the liability for the loss; provided, that it is made to appear to the court or jury trying the case that the refusal to pay the loss was not in good faith, and that such failure to pay inflicted additional expense, loss, or injury including attorney fees upon the holder of the policy or fidelity bond; and provided further, that such additional liability, within the limit prescribed, shall, in the discretion of the court or jury trying the case, be measured by the additional expense, loss, and injury including attorney fees thus entailed.

Tenn. Code. Ann. §56-7-105.

Given the Court's determination that questions of fact remain whether the proper parties to the Policy are before the Court in this action and whether Defendant had grounds for denying Plaintiff's demand for replacement cost coverage, questions of fact remain whether Plaintiff is entitled to a 25% penalty pursuant to Tenn. Code Ann. §56-7-105 and/or treble damages, fees and costs pursuant to the TCPA for Defendant's alleged bad faith failure to pay its supplemental claim.

The case remains set for trial on October 24, 2006 at 9:00 a.m. and pretrial conference on October 16, 2006 at 9:00 a.m.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE